UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20446-CIV-GAYLES

MULTIMODAL DEVELOPMENT
GROUP, LLC,
                    Plaintiff,

            v.

CHEMONICS INTERNATIONAL, INC.,
                    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Chemonics International, Inc.'s ("Chemonics") Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue [ECF No. 8]. Plaintiff Multimodal Development Group, LLC ("Multimodal"), originally filed an action in Florida state court against Chemonics on January 8, 2016, alleging various contractual and noncontractual claims. On February 8, 2016, Chemonics removed the case to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and preserved its right to challenge the personal jurisdiction of Florida courts. [ECF No. 1 at 1 & n.1]. Chemonics then filed the instant motion on February 16, 2016. To date, Multimodal has not responded to the motion.[1]

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction over a nonresident defendant exists. First, the court must determine whether the exercise of jurisdiction is appropriate under Florida's long-arm statute. *Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). Second, the court must determine whether personal jurisdiction over the defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.*

---

[1]   That said, Multimodal has participated in the litigation. It conferred with Chemonics in filing the Joint Scheduling Report [ECF No. 13], and it filed a response to Chemonics' pending motion to compel arbitration [ECF No. 18].

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 436 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Multimodal's allegations in the Complaint regarding jurisdiction are as follows: (1) "This Court has jurisdiction over the Defendant because it (a) breached a contract in the State of Florida by failing to perform acts required by the contract to be performed in the State of Florida, and (b) engaged in substantial and not isolated activity within the State of Florida"; and (2) "All payments made by the Defendant with regard to the [subject of the contract(s)] were made to the Plaintiff. These payments were made to the Plaintiff in Florida." Compl. ¶¶ 4, 27. The Court assumes *arguendo* for the purposes of this discussion that Multimodal has alleged sufficient facts to satisfy its prima facie burden.

Where a defendant challenges jurisdiction in a motion to dismiss pursuant to Rule 12(b)(2), as Chemonics does here, and submits evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).[2] According to the Declaration of Christopher R. Smith, Senior Vice President of Chemonics, Chemonics is incorporated in Delaware and has its principal place of business in the District of Columbia. Smith Decl. ¶¶ 2-3. Chemonics does not have Florida operations, offices, or employees; it does not own any real or personal property in Florida; it does not have any bank accounts in Florida; it is not registered to do business in Florida; it has no agent for service of process in Florida; it pays no taxes in Florida; and it does not maintain a mailing address or telephone number in Florida. *Id.* ¶ 4.

---

[2] The burden "does not shift back to the plaintiff," however, "when 'the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Louis Vuitton*, 436 F.3d at 1350 (quoting *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)).

On January 12, 2010, the nation of Haiti suffered catastrophic losses resulting from a massive earthquake. Subsequently, the United States expended hundreds of millions of dollars to aid in the recovery, and Chemonics provided assistance under United States Agency for International Development ("USAID") Contract No. DOT-I-00-08-00033-00. *Id.* ¶ 5. In connection with this contract, Chemonics solicited proposals for the design, construction, and furnishing of temporary assembly and administrative facilities for use by the Haitian Parliament in Port-au-Prince, Haiti. *Id.* ¶ 6. Thereafter, a Haitian entity, Jeanty & Co., doing business as Tempo Construction ("Tempo"), an entity with its principal place of business in Petion-Ville, Haiti, responded to the solicitation. *Id.* ¶ 7. Multimodal alleges that Tempo was a joint venture between it and Jeanty & Co. *See* Compl. ¶ 11. Tempo was awarded Fixed Price Subcontract No. CHE145-TEMPO Contrusction-01 ("Subcontract 1") on January 10, 2011, which concerned the construction of an office assembly and two administrative buildings to be used by members of Parliament and other staff of the legislative branch. Smith Decl ¶ 7; *see also* Compl. Ex. A. All construction work contemplated by Subcontract 1 was performed on land owned by the Haitian government in Haiti. Smith Decl. ¶ 7.

On August 1, 2011, Chemonics awarded a second subcontract to Tempo, Fixed Price Subcontract No. PAP006-TEMPO Construction-01 ("Subcontract 2"), in order to complete the construction of the office assembly and two administrative buildings in Haiti. *Id.* ¶ 8; *see also* Compl. Ex. B. All construction work contemplated by Subcontract 2 was also performed on land owned by the Haitian government in Haiti. *See* Smith Decl. ¶ 8. Chemonics did not come to Florida at any point prior to or after finalization of the Subcontracts, and all meetings between Tempo and Chemonics during execution and performance of the Subcontracts occurred via email, via telephone, or in person in Haiti. *Id.* ¶ 9. The Subcontracts did not provide a place for payment, stating only that Chemonics would pay the Subcontract price as stated in Haitian Gourdes. *Id.* ¶ 10.

3

The Subcontracts specified that Tempo should submit invoices to Chemonics for payment, and Chemonics would tender payment (in gourdes) to the account specified in Tempo's invoice. *Id.*

Over the course of performance, Tempo submitted several invoices to Chemonics, each of which identified accounts to which Tempo requested Chemonics make payment. *Id.* ¶ 11; *see also* Smith Decl. Ex. C. Chemonics issued some payments via wire transfer and others via check, depending on the instructions provided on Tempo's invoices. Smith Decl. ¶ 12. Although at least some of those accounts to which Chemonics issued payment were located in Florida, no payments were made directly to "Multimodal Development Group, LLC." *Id.*

Based on its review of the foregoing, the Court finds that Chemonics has submitted sufficient evidence to satisfy its burden to show that the exercise of jurisdiction here is not appropriate under Florida's long-arm statute. A person submits themselves to the jurisdiction of Florida courts by (1) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; (2) committing a tortious act within this state; or (3) owning, using, possessing, or holding a mortgage or other lien on any real property in this state. Fla. Stat. § 48.193(1)(a)(1)–(3). Additionally, a "defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." *Id.* § 48.193(2). Chemonics' submissions show that it falls under none of these categories. And while it is true that "[u]nder Florida law, allegations by a plaintiff that a defendant breached a contract by not making payments in Florida, as required by contract, are sufficient to bring the defendant within Florida's long-arm jurisdiction," *Pac. Coral Shrimp v. Bryant Fisheries*, 844 F. Supp. 1546, 1548-49 (S.D. Fla. 1994), where there is "no evidence that the contract **provided for** payments to be made in the State of Florida such that there would be a breach in Florida," the long-arm statute is not satisfied, *Diaz-Verson v. Aflac Inc.*, No. 11-0852,

2012 WL 398353, at *5 (M.D. Fla. Jan. 11, 2012) (emphasis in original), *report and recommen-dation adopted*, 2012 WL 398329 (M.D. Fla. Feb. 8, 2012). The Subcontracts themselves do not designate any place for payment, let alone Florida specifically. The Court is thus persuaded that Chemonics' evidence has shown the lack of ties Chemonics and this litigation have to Florida, sufficiently to establish that it is not subject to jurisdiction under the Florida long-arm statute.

Even if it were, Multimodal cannot establish that jurisdiction over Chemonics in Florida comports with due process. The underlying test requires for due process that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The minimum contacts requirement is not satisfied by a mere showing that a Florida party entered into a contract with an out-of-state party. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). "Likewise, a complaint alleging that the act of payment was to be performed in Florida is not sufficient to meet the minimum contacts requirement." *Quality Christmas Trees Co. v. Florico Foliage, Inc.*, 689 So. 2d 1222, 1224 (Fla. 5th DCA 1997). Thus, standing alone, Multimodal's allegation that Chemonics failed to make payment in Florida "is insufficient to satisfy the constitutional require-ment of minimum contacts." *Id.* In sum, the Court finds that Chemonics has satisfied its burden to support its jurisdictional challenge.

When a defendant satisfies its burden, the plaintiff, in order to justify the exercise of jurisdiction, must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986). Given that Multimodal has not responded to Chemonics' motion, all it has to rely on are the allegations in its Complaint,

which it explicitly cannot do. Therefore, the Court concludes that Chemonics is not subject to personal jurisdiction in Florida.

If a district court lacks jurisdiction over an action, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In other words, transfer is appropriate where (1) jurisdiction is wanting in the transferor court, (2) transfer is in the interest of justice, and (3) the action could have been brought in the transferee court at the time it was filed in the transferor court. *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 435 (E.D. Pa. 2015); *accord Clay v. AIG Aerospace Ins. Servs., Inc.*, 61 F. Supp. 3d 1255, 1271-72 (M.D. Fla. 2014); *Wynn v. Davison Design & Dev., Inc.*, No. 09-0446, 2009 WL 4610924, at *5 (N.D. Fla. Dec. 1, 2009). The Court finds that it is in the interests of justice to transfer this matter to an appropriate district. Upon consideration, the Court concludes that the most appropriate transferee district is the U.S. District Court for the District of Columbia. Chemonics has its principal place of business in that district, and it requested that the Court transfer venue to that district in the event that the Court denied its motion to dismiss for lack of personal jurisdiction. Accordingly, it is

**ORDERED AND ADJUDGED** the Defendant's motion to dismiss [ECF No. 8] is **GRANTED** for lack of personal jurisdiction. This action is **TRANSFERRED** in its entirety to the United States District Court for the District of Columbia.

This action is **CLOSED** and all other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of May, 2016.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE